**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| MARGARET MORENO, § | | Cause No. _____ |
| as an individual, and § | | |
| on behalf of all others similarly situated, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| LAW OFFICES OF STEVEN M. JOHNSON, § | | JURY TRIAL DEMANDED |
| PROFESSIONAL CORPORATION, AND § | | |
| § | | |
| § | | |
| DOES 1 – 20, § | | |
| § | | |
| Defendants. § | | |

**ORIGINAL COMPLAINT**

**A. PARTIES**

1. Plaintiff is an individual more than 18 years old, and is a citizen of California, resident of Manteca, San Joaquin County. Plaintiff executed an Attorney Representation Agreement contract with Defendant for legal services.

2. Defendant, Law Offices of Steven M. Johnson, P.C. (dba "Johnson Law Firm", hereinafter "JLF") is a Texas licensed domestic Professional Corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its registered agent for service with the Texas Secretary of State, at 1150 Estates Drive, Suite F, Abilene, TX 79602.

3. Defendants, Does 1 through 20, inclusive, are sued herein under fictitious names and capacities because their identities are unknown to Plaintiffs. When their true names and capacities are ascertained, whether corporate, associate, or otherwise, Plaintiffs will amend

this Complaint by inserting the same herein. Each and every allegation of this Complaint which charges Defendants shall also charge Does 1 through 20, inclusive and each of them.

4. At all times mentioned herein, Doe Defendants 1-20, and each of them, were the agents, partners, members, shareholders, servants, employees, employers, joint venturers, directors, managers or supervisors of each of the other Defendants. In doing the things hereafter alleged, each Doe Defendant was acting within the purposes, course, and scope of such agency, servitude, employment, partnership, joint venture, directorship, management or supervision of each of the other Defendants and/or with the authority, permission and consent of the other Defendants. Each Doe Defendant was, in some manner, responsible for the wrongs committed against Plaintiffs.

5. Plaintiff alleges that, at all relevant times, JLF and its subsidiaries, affiliates, associated counsel, and other related entities, as well as their respective employees, were the agents, servants and employees of JLF, and at all relevant times, each acted within the purpose and scope of that agency and employment.

## B. JURISDICTION

6. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(d), the Class Action Fairness Act, because the suit is a class action, the parties are minimally diverse, and the amount in controversy exceeds $5 million, excluding interest and costs. A member of the class is a citizen of a state different from any defendant.

7. Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

## C. VENUE

8. As set forth below, Plaintiff is a citizen of California, and Defendant can be considered a citizen of Texas. Therefore, diversity of citizenship exists under CAFA and diversity jurisdiction, as required by 28 U.S.C. §§ 1332(d)(2)(A). Furthermore, Plaintiff alleges on information and belief that more than two-thirds of all of the members of the proposed Plaintiff Class in the aggregate are citizens of a state other than Texas, where this action is originally being filed, and that the total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

9. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b)(2) because, as set forth below, a substantial part of the events or omissions giving rise to the claim occurred within this judicial district. This judicial district is the location where the contracts were entered into and is the place of payment and performance of all obligations of the parties under the contract.

### D. CONDITIONS PRECEDENT

10. All conditions precedent have been performed or have occurred.

### E. PROFESSIONAL MALPRACTICE

11. Plaintiffs entered into the same contract or substantially similar contracts as to all material terms for legal services with Defendants to represent them as their lawyers in a products liability lawsuit. Defendants negotiated an aggregate settlement on behalf of the Plaintiffs.

12. At all times during the period of Plaintiffs representation by attorneys, the most confidential, fiduciary relationship existed between them.  Attorneys were obligated by the attorney-client, fiduciary relationship to deal fairly, justly, and honestly with Plaintiffs, to be loyal to them and to place Plaintiffs interests before their own interests. The duty of honesty required Defendants to not only avoid making untrue or misleading statements, but to disclose all

information reasonably necessary for Plaintiffs to make informed decisions. Defendants were further bound by the Rules of Professional Conduct regulating and controlling the conduct of lawyers.

13. At all times pertinent herein, Plaintiffs relied exclusively on the attorneys for advice and counsel regarding their claims. Defendants were obligated by the attorney-client relationship to fully, fairly and competently represent Plaintiffs in all respects. At all times herein, Plaintiffs were advised by the attorneys and believed that they could rely on them for advice and trust their decisions. Indeed, Defendants held themselves out as experts in the matters for which they represented Plaintiffs.

14. During the period of representation, Defendants failed to exercise reasonable care, skill, and diligence in performing legal services for Plaintiffs and were negligent in their representation of Plaintiffs as set forth below.

15. Defendants failed to adequately communicate with their clients, made overt misrepresentations to them and failed to make full and complete disclosures of pertinent information, including the full amount of the fees, costs and expenses that would be charged to the clients. During their representation, the attorneys breached their fiduciary duty to their clients and violated Rules of Professional Conduct.

16. During the course of the Plaintiffs' representation, their attorneys regularly and intentionally placed their interests above those of their clients.

17. In negotiating an aggregate settlement on behalf of the plaintiffs', the attorneys disregarded their clients' individual interests, and sought to maximize their own recovery (at the expense of their clients).

18. Additionally, during the period of representation, Defendants and each of them breached their fiduciary and ethical duties to Plaintiffs, made affirmative misrepresentations and fraudulent statements to Plaintiffs, failed to disclose and purposefully withheld material information from Plaintiffs and placed their own interests before those of Plaintiffs, as more fully set forth below.

19. The cases were negotiated by Defendants on behalf of Plaintiffs as an aggregate settlement. The decision to pursue the aggregate settlement was only advantageous to the attorneys and had no benefit to Plaintiffs. Indeed, it actually worked against Plaintiffs interests, by among other things, delaying a resolution of their case, sacrificing the value of their claims for the benefit of other potential class plaintiffs who had lesser claims, and forcing the underlying case defendants to defend more vigorously and spend greater sums of money thus making settlement more difficult. Additionally, negotiating the cases as a group also required the attorneys to incur costs and expenses far in excess of what would have been required for Plaintiffs individual cases alone.

20. The pursuit of the settlement of the matter as an aggregate settlement instead of an individual settlement constituted a conflict of interest for the attorneys, the risks, benefits and burdens of which were not properly disclosed or explained to Plaintiffs. None of the attorneys ever obtained a knowing and proper waiver of the conflicts arising from the pursuit of the case as an aggregate settlement.

21. As a direct and proximate result of their negligence and breach of their ethical duties, Plaintiffs have been damaged in that the time and expense incurred in pursuing the aggregate settlement far exceeded the time and expense involved had their claims been pursued not as part of an aggregate settlement, but individually.  The exact amount of damages for this

negligence and breach of ethics by attorneys is not presently known to Plaintiffs but will be proven at trial.

### F. BREACH OF CONTRACT AND CLAIM FOR DECLARATORY RELIEF ON THE AMOUNT AND ALLOCATION OF COSTS, AN ACCOUNTING, AND IMPOSITION OF CONSTRUCTIVE TRUST

22. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

23. A controversy and dispute has arisen between Plaintiffs and the attorneys concerning the amount and allocation of costs the attorneys claim to have incurred in connection with the case. Plaintiffs contend as follows:

24. The cost recovery provisions in the attorneys fee agreements are vague and ambiguous and do not conform to the requirements of Disciplinary Rules and are thus unenforceable. Defendants should not be permitted to recoup any costs.

25. If the cost provisions are enforceable, only those costs that were reasonably necessary and appropriate to the prosecution of Plaintiffs individual claims should be recovered by attorneys, and those general costs not tied to a specific case should be disallowed as having resulted in no benefit to Plaintiffs.

26. A judicial declaration concerning the amount and allocation of recoverable costs is necessary and proper at this time. The final determination of the attorneys' fees and costs due to attorneys, and thus the final determination of Plaintiffs recovery is dependent on a determination of the cost allocation issue.

27. Plaintiffs are informed and believe that attorneys made no attempt to segregate the expenses and costs incurred by them as and between Plaintiffs individual cases. Plaintiffs request the court to make findings and order an accounting concerning the amount and allocation of the

recoverable costs and expenses and that the cost of the accounting be charged against attorneys for their failure to properly track and record the costs incurred.

28. In this action Plaintiffs seek a declaration establishing their respective rights under the written fee agreements they have with their attorneys. Plaintiffs seek to establish that the fees currently being claimed by the attorneys are based on false representations and claims, and the costs and expenses are improper, unreasonable and unconscionable. Plaintiffs further seek to establish that because of the breach of their ethical, and fiduciary obligations, the attorneys should be required to disgorge and forfeit their right to any fees procured as a result of their wrongful conduct, and that a constructive trust be established to collect and hold all settlement funds pending distribution pursuant to the court's further orders after a complete accounting.

## G. CLASS ACTION ALLEGATIONS

29. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

30. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

    *All United States persons with contracts for legal representation with JLF who qualified to participate in aggregate settlements that were negotiated by JLF on their behalf, during the period extending from three years prior to November 18, 2015, through and to the filing date of this Complaint.*

31. Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

32. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

33. Defendant's practices and omissions were applied uniformly to all members of the Class, including any subclass arising out of the claims alleged herein, so that the questions of law and fact are common to all members of the Class and any subclass.

34. All members of the Class and any subclass were and are similarly affected by the aggregation of their claims for settlement, and the relief sought herein is for the benefit of Plaintiff and members of the Class and any subclass.

35. Based on the correspondence received by the Plaintiff from the Defendant and court filings it is apparent that the number of affected clients in both the Class and any subclass is so large as to make joinder impractical, if not impossible.

36. Questions of law and fact common to the Plaintiff Class and any subclass exist that predominate over questions affecting only individual members, including, inter alia:

    (a)  Whether Defendant's practices and representations related to the representation of the clients violated applicable standards of conduct for lawyers representing a large number of clients in an aggregate settlement of the clients claims;

    (b)  Whether Defendant's practices and representations related to the representation of the affected clients violated the applicable Disciplinary Rules governing the conduct of attorneys;

    (c)    Whether Defendant's practices and representations related to the calculation and division among the settlement group of fees, costs and expenses involved in the representation amounted to breaches of the contracts with clients; and

    (d)    Whether Defendant's conduct as set forth above injured clients and if so, the extent of the injury.

37. The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class and any subclass, as the claims arise from the same course of conduct by Defendant, and the relief sought within the Class and any subclass is common to the members of each.

38. Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass.

39. Plaintiff has retained counsel who has the necessary knowledge, competence and experience to effectively represent Plaintiff and the Class.

40. Certification of this class action is appropriate under Federal Rule of Civil Procedure 23 because the questions of law or fact common to the respective members of the Class and any subclass predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for a fair and efficient decree of the claims.

41. Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Class or any subclass would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

42. Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to both the Class and any subclass, thereby making appropriate the relief

sought on behalf of the Class and any subclass as respective wholes. Further, given the large number of clients of the Defendants services, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

43. A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

44. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## H. PRAYER FOR RELIEF

45. Plaintiff, on behalf of herself and members of the class, seeks relief from this Court as follows:

   (a) For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating her counsel as counsel for the Class;

   (b) For an award of equitable relief as follows:

      (i) Imposing a constructive trust for all settlement funds owed for the claims of the clients,

      (ii) Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint;

    (iii)    Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described in this Complaint.

    (iv)    Requiring an accounting for all client settlement funds and all fees, costs and expenses that are deducted from the client settlement funds.

(c)    For actual damages to be determined at trial;

(d)    For reasonable attorney's fees;

(e)    For an award of costs

(f)    For any other relief the Court might deem just, appropriate, or proper; and

(g)    For pre- and post-judgment interest on any amounts awarded.

## I. JURY DEMAND

46. Plaintiff respectfully demands a trial by jury on all issues so triable.

Date: November 18, 2015        Respectfully submitted,

By: /s/ Blake Norvell
Blake Norvell, Esq.
Texas Bar Number: 24065828
**LAW OFFICE OF BLAKE C. NORVELL**
37 Cypress Point St.
Abilene, Texas
Tel: (325)-695-1708
Fax: (325)-695-1708
norvell2007@gmail.com

*ATTORNEY FOR PLAINTIFF*